FARMERS AND MERCHANTS' BANK v. YOUNG.

1. **Evidence:** WITNESS: EXAMINATION OF. Re-examination of a witness should be permitted in respect to a matter drawn out by the cross-examination, or which furnishes a circumstance by which a transaction in question was impressed on the witness' mind.

2. —— DECLARATIONS. Declarations of a party not relevant to the issues involved are not admissible as part of the *res gestæ*.

3. —— A witness may be asked on cross-examination as to former declarations inconsistent with his testimony in chief, for the purpose of testing the accuracy of his statements.

4. —— EXAMINATION. In an action involving the genuineness of the signature of a note, an expert, called by the defendant, testified, that in his opinion the signatures were not made with the same ink. Being recalled by the plaintiff, he stated that since his examination by defendant he had examined writing upon the court record made with the same ink which apparently differed in color. He accounted for this difference by the fact that a blotting pad had been used. Being asked to point out the difference on the record, and illustrate the effect of the blotting pad, the objection of the defendant thereto was sustained. *Held*, erroneous, and that the witness should have been permitted to illustrate his testimony as requested.

6. —— ONUS PROBANDI. Where in an action on a written instrument the signature of the defendant thereto is denied under oath, the onus is upon the plaintiff to establish the genuineness of the instrument.

*Appeal from Jefferson Circuit Court.*

FRIDAY, JANUARY 25.

ACTION upon a promissory note purporting to be executed by defendant and C. T. Young, his brother. Defendant denies the execution of the note by himself, and avers that his signature thereto is not genuine, but is a forgery. There was a verdict and judgment for defendant. Plaintiff appeals.

*H. & W. Scofield* for the appellant.

*McJunkin & Henderson* and *Bennett & Russell* for the appellee.

BECK, Ch. J. — I. A witness for plaintiff testified upon the trial that he was, at the time the note was taken by plaintiff, one of its officers, and that he saw the defendant sign the note on the day it bears date. Upon cross-examination he stated that the amount of the note was loaned to C. T. Young, who, before

that time, had applied for the loan and was refused. In the re-examination he was asked to state the reason for the refusal to loan to C. T. Young before the note in question was presented. The record proceeds to state that the "plaintiff proposed at the same time to follow this question up and show by the witness that the subject of the loan had been canvassed in the bank and that it had been determined not to make the loan unless the same was secured by the defendant, and that these matters had impressed the subject and the signing of the note upon the recollection of the witness." This evidence was ruled by the court to be immaterial and was not permitted to be introduced.

The evidence, we think, was competent and ought to have been received. It was, in the main, but a continuation — the completion of the matter drawn out by the cross-examination. And besides, it was entirely competent to support the statement of the witness to the effect that he saw defendant sign the note. It was a proper test of the accuracy and reliability of his memory, as it explained and established the fact that the transaction was impressed upon his mind by the circumstances proposed to be drawn out.

II. A witness for defendant testified that he saw C. T. Young sign defendant's name to the note. He was then asked this question : "What did C. T. Young say when he signed the name ?" Proper objection was made to the question but the court permitted the witness to answer it. The reply was : "He stated that money he must have, and money he would have, and that it was not the first time he had signed John A. Young's name to notes." The evidence is clearly incompetent and should not have been admitted. It is simply hearsay, second-hand declarations, as to a matter not relevant to the issues. The fact that C. T. Young declared that he had before signed defendant's name to notes could not serve the purpose of establishing defendant's theory of the defense, that his signature to the note is a forgery. It was not admissible as of the *res gestæ*.

III. The record discloses the fact that the rules governing

the introduction of evidence and the examination of witnesses were too strictly applied to testimony proposed to be elicited by plaintiff. The following are some of the instances: 1. The defendant testified in his own behalf that, on the same day the note in suit was taken by plaintiff, he and his son had borrowed of plaintiff an amount of money upon their joint note and that he had received the greater portion thereof. In the cross-examination he was asked if he had not stated upon a former trial of this cause that his son had taken the greater part of the money. The evidence was excluded on the ground of immateriality and irrelevancy. But it seems the fact as to the division of the money was deemed relevant and admitted in evidence. Certainly it was competent for plaintiff to test the accuracy of the witness' statements as to this fact by calling his attention to his former testimony. Defendant having brought out the fact to support his side of the case ought to have been required to submit to a cross-examination calculated to test the truth of his statement. 2. The defendant introduced evidence tending to show that his signature to the note was paler than that of the other signature to the note, claiming that it was made with different ink. An expert, the clerk of the court, was introduced by defendant, who testified that in his opinion the signatures were not made with the same ink. He was afterward recalled by plaintiff and testified that after his examination by defendant he had examined writing upon the record of the court made with the same ink which differed as to the apparent color. He accounted for this difference by the fact that a blotting pad had been used. He was asked to produce the record referred to by him and point out the difference and illustrate the effect of the blotting pad. This was not permitted. We are unable to see any objection to this evidence. It was proper for plaintiff to explain the fact established by defendant touching the different appearance of the two signatures. The experiments of the witness were calculated to throw light upon the subject and he should have been permitted to explain and illustrate them fully. The record discloses one or two other rulings which improperly restricted

the plaintiff in the examination of witnesses and are very similar to those just mentioned. It is not necessary that we more particularly refer to them.

IV. Plaintiff's counsel insist that an instruction asked by them which in effect cast the *onus probandi* upon the defendant should have been given, and the refusal is made the ground of objection to the judgment. Their view is, that after the introduction of the note in evidence, which made for plaintiff a *prima facie* case, the burden then rested upon defendant, the law presuming that the signature of defendant was not forged. Doubtless the burden rested upon defendant to support his defense — to overthrow the note by showing it not to be genuine, as against the *prima facie* case made by plaintiff. Thus far the *onus* was upon defendant. But then in view of the whole evidence the plaintiff must establish by a preponderance of proof the genuineness of the signature of the instrument, and therefore, as to the whole case, he, in truth, bears the *onus probandi*. *Ross* v. *Gould*, 5 Greenl. 204; 1 Phillips' Ev. (Cowen & Hill's and Edwards' Notes), 810. It was the duty of plaintiff to establish by a preponderance of evidence the genuinenesss of the instrument and not of defendant to show by a like preponderance that it was forged. The instruction under consideration was properly refused.

Other objections are made to the rulings of the court. They need not be considered for the reason that the judgment on account of the errors above pointed out must be

                                                    Reversed.