RENNER BROS., Appellants, v. LEWIS THORNBURG AND EZRA McLAIN.

**Denial of Signature:** CONSTRUCTION OF PLEADINGS:  *Estoppel by requested instruction.*   Where, in a suit on a note, defendant denies the genuineness of his signature, and plaintiff pleads ratification thereof in reply, it is not error to instruct that the jury must find that defendant either signed the note, or authorized the signature, or ratified and adopted it; defendant having also denied authorizing the signature, and an instruction having been given, at plaintiff's request, that, if the de-

fendant did not deny or repudiate the signature when the note was presented for payment, the jury might infer that he had authorized it.

Same: *Evidence.* Where, in a suit on a note, defendant denies the genuineness of his signature, it is not error to instruct that, before the jury could find that defendant ratified the signature in a conversation with plaintiff's witness, they should find from the evidence that defendant knew what note he was talking about; the pleading containing no admission that he knew and was talking about the note in suit, and the witness's testimony leaving the matter to inference.

Repetition of denial. Where plaintiff sues on a note, and the defendant denies the genuineness of his signature thereto, under oath, and plaintiff then amends his petition by pleading defendant's ratification and adoption of the signature, and no copy of the note is attached or incorporated in the amendment, and the record shows that the amended petition was filed before the answer, it is not error to instruct that the burden of proving the genuineness of the signature is on the plaintiff, though defendant has also filed an unverified general denial to the amendment, since defendant is not required to repeat his verified denial of the genuineness of the signature.

Instructions: *Jury not misled.* Where, in reply to an answer denying defendant's signature to a note, plaintiff pleads certain facts as constituting an estoppel, and also pleads a portion of the same facts in an amended petition as constituting ratification and adoption of the signature and the court instructs that, as no evidence had been offered in support of the reply, the jury should disregard it, but also instructs fully and fairly on the issue of ratification, the instruction as to the reply is not erroneous, as leading the jury to believe that the facts pleaded therein could not be considered for any purpose, though the jury began a request for further instructions by an unfinished sentence to the effect that, "having failed to determine how much of the reply they should disregard," they request further instructions as to ratification and adoption.

Proving standard of comparison: *Evidence.* Where expert evidence is resorted to by defendant to prove his purported signature to the note sued on to be a forgery, defendant's testimony that he wrote the standards used for comparison, before the date of the forged instrument, is sufficient proof of the genuineness of the standards.

**Appeal:** objection below. Where objection to another judge of the district, acting for the trial judge at the latter's request in

the withdrawal of erroneous instructions, is not made in the trial court, it cannot be presented for the first time on appeal; the question involved not being a jurisdictional one.

INSTRUCTIONS: *Review on appeal.* Mere prolixity in instructions given at the jury's own request, and a want of clearness not sufficient to mislead them, is not error.

INSTRUCTION ASKED: *Estoppel by.* Where a party has requested an instruction of the trial court embodying practically the same thought as one given by the court, he cannot complain on appeal of the giving of the latter.

SAME. Where the evidence submitted on the question of defendant's ratification of his signature to a note is conflicting, and plaintiff has requested an instruction submitting the issue to the jury, he cannot complain on appeal that the court should have instructed, as a matter of law, that defendant had ratified the signature.

INSTRUCTIONS BY ONE JUDGE: *Withdrawal by another.* Where manifestly erroneous instructions are given by the trial judge, and, after the submission of the cause, the judge, on leaving the county seat, requests another judge of the district to receive the verdict, and also to recall the jury and withdraw the erroneous instructions, there is no such irregularity as to constitute reversible error.

CORRECTION OF RECORD-AFTER APPEAL: *Separate appeal from essential.* Where, after appeal, appellee moved for a correction of the record in the lower court, and such motion was granted over appellant's objections, and appellant then moved the supreme court to strike appellee's amended abstract, showing the correction, from its files, the latter motion will be overruled, since a separate appeal from the action of the lower court in correcting the record would be necessary, in order to a review of error therein.—Compare *Culbertson v. Salinger et al.,* page 447 *ante.*—REPORTER.

*Appeal from Greene District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, MAY 21, 1900.

ACTION at law on a promissory note. Defendant Mc-Lain denied his signature appended to the instrument. In an amendment to the petition, plaintiffs pleaded ratification

and adoption of the signature, and, this, defendant denied. There was a trial to a jury, resulting in a verdict and judgment for defendants, and plaintiffs appeal.—*Affirmed*.

*E. G. Albert* and *Rose & Henderson* for appellants.

*Russell & Toliver* for appellee McLain.

DEEMER, J.—To prove that the signature attached to the note purporting to have been made by defendant McLain was a forgery, he introduced experts, who compared it with others said to have been made by him, and gave as their opinion that the signatures were not written by the same person. It is said that the standards used for comparison were not sufficiently proven. Defendant McLain testified positively that he signed the name appearing on the instruments that were claimed to be genuine, and five other witnesses who were familiar with his signature testified to the same thing. The signatures to these documents were appended before the one in question was executed, and there is no room for the contention that the standards were manufactured. We do not mean to hold that the genuineness of the standard may be proven by persons who have seen the party write. The standard itself must be established by evidence of a higher and more certain character. But there is no doubt that the party who wrote the signature may prove it by his own oath. Such evidence is the very best that can be offered. Nothing is then left to presumption. *Hyde v. Woolfolk,* 1 Iowa, 159; *Sankey v. Cook,* 82 Iowa, 125. There was no error in admitting the expert evidence.

II. In the first instruction the jury was told that the plaintiffs had not offered evidence in support of their plea of estoppel set forth in the reply, and that they should disregard that claim. The reply to which this instruction relates pleads an estoppel based on the declarations of McLain after he knew of the exist-

ence of the note, and the conduct of plaintiffs with reference thereto. In part, it was based on the same state of facts as were pleaded in an amendment to the petition pleading ratification and adoption. It is not claimed that the court erred in refusing to submit the issue of estoppel, but it is insisted that, in view of the facts pleaded in the amendment to the petition, the jury was misled by this instruction; that it could not tell what the court meant by "estoppel," and was likely to understand from the instruction that none of the facts pleaded in reply could be considered for any purpose. Were it not for the fact that the court fully and fairly instructed on the issue tendered by the amended pleading, and explained the doctrine of ratification and adoption as applied to the evidence adduced, there would be much force in appellant's position. But, in view of the fact that the whole matter was fully covered, we do not see how the jury could have been misled. Plaintiffs contend, however, that a request from the jury for further instructions clearly shows that some of the members were misled by the instruction. That request was peculiar. It reads as follows: "We, the jury in the case, having failed to determine how much of the reply in plaintiffs' claim they should disregard (as stated in instruction one of the court)." This is followed by a special request for explanation of instructions 5, 9, 12, 18, and 19. The sentence was never completed, unless the request referred to made it complete, and it appears that the trial court never saw it. In itself, it is meaningless, and it is apparent that the jury started to make some kind of request, and then abandoned it, or embodied it in what followed. The request for further instructions relating to ratification and adoption was complied with, and there is no mistaking the fact that this issue was not taken from the jury. We do not think it was in any manner misled.

III. The court instructed that the burden of proving the genuineness of the signature was on the plaintiffs. This

is complained of. The original petition was in the usual form, and contained a copy of the note. Defendant, in answer, denied the genuineness of the signature under oath. Plaintiff then filed an amendment to its petition, pleading ratification and adoption, and made the former petition a part by reference. Defendant filed a general denial in answer, but did not, in this answer to the amendment, deny the genuineness of the signature. In view of these facts, plaintiffs contended that the burden was on the defendant. We do not think so. The amendment virtually conceded that defendant had not signed the note. The genuineness of the signature was already denied under oath, and the amendment, conceding it to have been necessary, was to meet the issue thus tendered. Having once denied the signature under oath, defendant was not bound to renew his denial in every amendment. In view of this denial, the burden was on plaintiffs. Code, section 3640; *Bank v. Young,* 36 Iowa, 44. Moreover, if the amendment to the petition be treated as a separate and independent count, that must be complete and sufficient in itself. Defendant was not obliged to deny the signature under oath in order to shift the burden, for the reason that no copy of the note was incorporated in or attached to the amendment. Again, the record shows that both the petition and amendment thereto were filed before defendant's answer denying the genuineness of the signature.

IV. Instruction 11 reads as follows: "Before you should find that defendant ratified the signature on said note, if you find he did not sign the note personally, and that his name was not signed on said note by his authority, you should find, from the evidence, that he knew what note he was talking about." This is complained of because it is said that it is admitted in the pleadings and in the evidence that he knew about the note involved in this suit, and was talking about it. We

cannot agree with counsel in this contention. There is nothing in the pleadings containing such an admission as is claimed, and the party to whom it is claimed the admission was made left it to inference that defendant was speaking of the note in controversy. In any event, defendant McLain denied the entire conversation, and it was as essential to prove the reference to the note in suit as to prove the statement itself. Moreover, the plaintiffs asked an instruction embodying practically the same thought, and they cannot be heard to complain.

V. The court instructed the jury that it must find that defendant signed the note, or that he authorized some one to sign it for him, or that after it was signed he ratified and adopted the signature thereto. This is said to be erroneous, because no claim was made that he authorized any one to sign for him. There are two answers to this proposition: The first is that defendant, in answer, not only denied the signature, but denied that he had given authority to anyone to sign for him; and the second is that plaintiffs asked an instruction to the effect that, if the defendant failed to deny or repudiate the signature when the instrument was presented for payment, the jury might infer that he had authorized some person to sign for him. This instruction was given as requested, and plaintiffs cannot be heard to say that the instruction referred to an issue not presented by the pleadings.

VI. It is said that the court should have instructed, as a matter of law, that defendant had ratified and adopted the signature. There was a dispute in the evidence on this proposition, and the question was properly submitted to the jury. Again, the plaintiffs asked that this issue be submitted, in their requests for instructions.

VII. The court gave what are known as instructions 20 and 21. Afterwards, and before verdict, these instruc-

tions were withdrawn. Very little, if anything, is said in favor of the instructions. They were clearly erroneous. But it is said that the manner of withdrawal was such as to demand a reversal. It appears that the case was tried before Hon. S. M. Elwood, as presiding judge, and that he gave the instructions to the jury. After the case was submitted, Judge Elwood left the town where the court was being held, and directed Judge Church, who was in town that day, and who had agreed to receive the verdict, to withdraw the two instructions, as he was convinced that they were erroneous. Pursuant to this direction, Judge Church recalled the jury, and, in writing, directed it that the instructions were withdrawn, and for it not to consider them. We know of no reason for holding this proceeding irregular. Everything was done as the statute directs, unless it be that the instructions were withdrawn by a judge other than the one holding the particular term. The judge who in fact withdrew the instructions was a judge in that particular district, and was authorized to hold the court then in session. What he did was by direction of the judge trying the case, and there is nothing to indicate any prejudice. The court did not change. It was the same court, although, for the time being, presided over by another judge. What was done was by the express direction of the judge trying the case. In any event, Judge Church had jurisdiction, and, as no prejudice resulted, plaintiffs cannot complain. *Reed v. Lane,* 96 Iowa, 454; *Mellinger v. Von Behren,* 53 Iowa, 374. The statutes (Code, sections 241, 3649) relied on by appellants relate to the trial of issues, and not to such proceedings as are here complained of. Moreover, the question here presented does not seem to have been raised in the trial court. No objection was there made to Judge Church's acting for Judge Elwood. As the matter is not jurisdictional, it cannot be presented to this court for the first time.

VIII.   Complaint is made of the explanatory instruction relating to No. 5, theretofore given by the court, and of certain other explanatory instructions given at the request of the jury.   They are too long to be set out in an opinion, and, as they embody no new propositions we content ourselves by saying there was no error.   They were, perhaps, more prolix than was necessary, but, as they were prompted by requests from the jury, we cannot say that they should not have been given.

IX.   Lastly, it is said that the verdict is contrary to the evidence, and the instructions given by the court.   There was a dispute in the evidence on every proposition, and we are not justified in interfering with the verdict.   The instructions are not as clear, perhaps, as they might have been, had they stated in concise and perspicuous language the exact matters in dispute, and the law to be applied thereto.   But we are satisfied the jury was in no manner misled.   Appellants' motion to strike an amended abstract showing an entry of the trial court correcting the record after the appeal is overruled. An appeal from this ruling was necessary, to present the questions argued.   Finding no prejudicial error, the judgment is AFFIRMED.