## CENTRAL ACCEPTANCE CORP. v OHIO STATE BANK & TRUST CO

Ohio Appeals, 9th Dist, Summit Co
No. 1887. Decided June 23, 1931

Slabaugh, Seiberling, Huber & Guinther, Akron, for Cent. Acceptance Corp.

Rockwell, Grant, Thomas & Buckingham, Akron, for Ohio State Bank & Trust Co.

PER CURIAM

From our consideration of the evidence as shown by the record, we reach the conclusion that the jury was fully justified in finding most of the facts stated in the next paragraph, and as to none of them was the finding of the jury manifestly against the weight of the evidence..

That the Acceptance Corp. financed practically all of the purchases and sales of cars by the Motor Co., under an arrangement by which the Acceptance Corp. took title to cars purchased and permitted the Motor Co. to retain possession and sell the

cars and pay to the Acceptance Corp. the amount due it on each car as sold, and when cars were sold on credit, the purchasers executed notes and mortgages to the Motor Co. and the same were discounted with the Acceptance Corp., which had the right to limit and fully control the extent of the Motor Co.'s financing, and by a system of checks and records it was familiar with the business of the Motor Co. and had an opportunity of knowing its business integrity and honesty. That previous to April 20, 1929, the president and other principal officers of the Acceptance Corp., including the manager of the Akron office of the Acceptance Corp., had knowledge that the Motor Co. had disposed of a very large number of automobiles which it had purchased and financed with the aid of the Acceptance Corp.; that the Motor Co. had failed to pay to the Acceptance Corp. at least $30,000 which the Motor Co. should have paid to the Acceptance Corp. on the cars so disposed of by the Motor Co.; and that a check by the Acceptance Corp. of the cars of the Motor Co. on hand made prior to April 20, 1929, revealed to the directing and governing officers of the Acceptance Corp. and to the manager of its Akron branch the aforesaid shortage of the Motor Co. and also revealed irregular dealings of the Motor Co. in its business transactions with the Acceptance Corp. which seriously reflected upon the business integrity and honesty of the Motor Co. That after said shortage was discovered, and to liquidate the same; the Motor Co. drew several checks against its account with said Bank Co., payable to the Acceptance Corp., for more than $30,000, which the manager of the Akron branch of the Acceptance Corp., knowing that said Motor Co. did not have funds upon deposit with said Bank Co. to meet the same, agreed to hold for a time in order to give the Motor Co. an opportunity to obtain funds with which to pay said checks, and agreed to string out the presentation of said checks for payment over several days, so that they would not all be presented at said bank for payment at one time. That on April 20, 1929, said Bank Co. made inquiry of the manager of the Akron branch of the Acceptance Corp in reference to the business integrity and dealings of the Motor Co. with the Acceptance Corp., and said manager, knowing that the Motor Co. had applied to the Bank Co. for an extension of credit to obtain funds to deposit in its account to meet said checks held by said Manager, and that said inquiry was made with a view of determining whether such credit should be granted, made, in answer to said inquiry, representations which were false and which said manager and the controlling and directing officers of the Acceptance Corp. knew to be untrue, and withheld information fairly embraced in the inquiry which, if given, would have caused the Bank Co. to withhold such credit, and that the Bank Co., in reliance upon said representations, extended credit to said Motor Co., which it would not otherwise have done, and the proceeds of which credit, so extended, was deposited in the account of said Motor Co. in said bank and paid to the Acceptance Corp. upon presentation of said checks.

The credit extended by the Bank Co. to the Motor Co. was a loan of $5000, and a credit upon the Motor Co. account for drafts totaling about $6100, drawn by the Motor Co. upon the Acceptance Corp., which were dishonored by the Acceptance Corp. after the proceeds thereof had been used to pay said checks given to the Acceptance Corp. by the Motor Co. to make good its said shortage.

After said drafts had been dishonored, the Motor Co., which, in addition to these transactions, owed the Bank Co. $3500 on a prior loan, sent to the Bank Co. certain collateral without designating what indebtedness to the Bank Co. it was security for, and the Bank Co. later realized therefrom no more than enough to liquidate the Motor Co.'s said prior loan of $3500.

The aforementioned facts in reference to said collateral appeared in the evidence in the case, but said transaction was not mentioned in the pleadings and there was no issue joined in reference thereto, and in the charge of the court no mention was made of the transaction in reference to said collateral, and the trial judge was not asked to charge any proposition of law concerning the same.

In rendering the verdict the jury did not apply the amount realized from said collateral to reduce the claim made by the Bank Co. and no complaint was made in reference thereto in the motion for a new trial.

It is now claimed in this court that a new trial should be granted the Acceptance Corp. because the claim of the Bank Co. against it should have been reduced to the extent the Bank Co. realized upon said collateral.

Without deciding what would have been the rights of the parties had an issue been made in reference to said transaction, or had the court been asked to charge in reference thereto, we are of the opinion that, the evidence as to said transaction being as meager as it is and under the record as it is, the Acceptance Corp. cannot be heard to complain in this court that there was prejudicial error in what the trial court did or neglected to do in reference to said

matter, the action being one in tort for damages.

The Acceptance Corp. also claims that the trial court committed prejudicial error in the admission of certain evidence as to the knowledge which the directing and controlling officers of said corporation had as to the financial condition and business integrity of the Motor Co. immediately prior to the date the Bank Co. extended credit to said Motor Co. upon certain representations made by the manager of the Akron office of said Acceptance Corp. to the officers of said Bank Co.—The claim being that the knowledge which the directing and controlling officers of said corporation had of said Motor Co. had not been imparted to the manager of said Acceptance Corp.'s Akron branch, and in law was not imputable to him.

It is apparent from the record that as to much of said knowledge, the manager of the Acceptance Corp.'s Akron branch was present when it was acquired, and from the entire record of the case, we think that the jurors were fully warranted in finding that said manager had such information and knowledge, either first-hand or that the same was imparted to him by the directing and controlling officers of said Acceptance Corp.—notwithstanding their testimony that such information was not imparted to said manager.

The Acceptance Corp. also complains of the charge of the court in relation to the burden of proof and the quantity of evidence required to establish the Bank Co.'s claim.

At the request of the Acceptance Corp., before argument, the trial judge gave twelve special requests, and in request No. 11 he told the jury that the Bank Co. was required to prove its claim by clear and convincing evidence. After the arguments had been fully made and without notice to the parties, the court in its written charge changed the rule in regard to the amount of evidence required to prove the Bank Co.'s claim as stated in said Acceptance Corp.'s request No. 11 and told the jury in its written general charge that it modified the request as theretofore given as to the quantity of proof required and stated that the Bank Co. was required to prove its case by a preponderance of the evidence.

Almost every phase of the case was covered by said special requests. The court charged therein that the Bank Co. must prove not only that said Acceptance Corp.'s manager made the statements claimed and that they were untrue and that he did not honestly believe them to be true but that if his superiors knew them to be false, such knowledge could not be imputed to him, and the court also charged not only that if the Bank Co. extended said credit in reliance upon its own knowledge or judgment, it could not recover, but that if in relying on said statements the Bank Co. failed to use reasonable diligence it could not recover, and further that if the Bank Co. undertook an independent investigation it was chargeable with a knowledge of all the facts which such an investigation should disclose and that in that event the presumption was that it acted upon its own judgment and not upon the statemens made by said manager, and that even if the manager made the statements claimed and they were untrue, still if on the part of the Bank Co. there was inattention to reasonably guard its interests but for which the fraud of said manager would have been ineffective, the Acceptance Corp. could not recover and that in no event was the Acceptance Corp. liable for statements of said manager which were expressed and understood to be merely statements of opinion; and, as has been said, among said charges so given at the request of the Acceptance Corp. was the one placing the burden upon the Bank Co. to prove its case by clear and convincing evidence.

The Acceptance Corp. claims that the charge as originally given in said request No. 11 was a correct proposition of law and that the court committed prejudicial error in changing the same in its general charge, and second, that even if said charge before argument was erroneous, the time and manner in which the court changed the rule of law was prejudicial error.

We have re-examined the question as to the quantity of proof required in cases of fraud, and we are unanimously of the opinion that said special request No. 11, given before argument, was erroneous, and as given was prejudicial to the Bank Co., and that the trial court was justified and required as a matter of law, to correct the erroneous instruction given, and that it was not error to do so after the argument of the case.

**Rogers v Garford, 26 Oh Ap 244.**

    See also—

**Lloyd v Moore, 38 Oh St 97.**

    Renner v Thornburg, 82 N.W. 950.

    1 Randall's Instructions to Juries, Sec. 455.

But in any event, taking the whole case together upon all of its phases, including the many special requests of the plaintiff in error given before argument, and keeping in mind the limited statement in the bill of exceptions as to what the attorney for the Acceptance Corp. said to the jury upon the burden of proof, we are unanimously

of the opinion that the trial court did not commit any prejudicial error when it properly instructed the jury as to the amount of evidence required to establish the Bank Co.'s claim against the Acceptance Corp.

From our examination of the bill of exceptions we are unanimously of the opinion that the jury was right in finding the issues joined in favor of the Bank Co.

Judgment affirmed.

PARDEE, PJ, WASHBURN, J, and FUNK, J, concur.