G. M. SPENCER, Appellant, v. G. T. BERNS AND MRS. G. T. BERNS.

**Default:** JURISDICTION: *Motion and showing to set aside.* Where the court has no jurisdiction to render a default judgment by reason of want of service on defendant such judgment may be set aside on motion, though defendant does not plead forthwith or file an affidavit of merits, as required by Code, section 3790, as a condition of setting aside the default.

Same: *Motion is direct attack.*  A motion to set aside a default
is a direct and not a collateral attack on the judgment.

Original Notice: substituted service:  *Jurisdiction.*  Service of
an original notice at defendant's home, on a person not a member of defendant's family, and not residing at her house, is insufficient to give jurisdiction.

Review on Appeal:  finding of facts.  Where a finding of fact
by the court is supported by the evidence, it will not be disturbed on appeal.

*Appeal from Polk District Court.*—Hon. W. F. Conrad,
Judge.

Monday, May 20, 1901.

The plaintiff obtained a judgment by default against
both defendants on the seventh day of January, 1899.   On
the thirtieth day of March, 1899, Mary A. Berns, the wife
of G. T. Berns, filed a motion to set aside the default as to
her, on the ground that no notice of suit was ever served
on her.   The motion was sustained, and the judgment and
default set aside as to this defendant.   The plaintiff appeals.
— *Affirmed.*

*S. G. Van Auken* and *H. A. Kroeger* for appellant.

*Howe & Miller* for appellees.

Sherwin, J.—The service on Mary A. Berns was by
leaving a copy at her home with one Walter Berns, she not
being present.   It was claimed, and the trial court so found,
that said Walter Berns was not a member of her family, nor of the family of her husband, but that he resided some distance therefrom.   This finding of fact
by the trial court is supported by the evidence, and we will
not disturb it, under the well-settled rule that the trial court has a wide discretion in such matters, which will not be interfered with unless abused.
There was no service on Mary A. Berns, and hence the court

had no jurisdiction to enter default or render judgment against her. *Harmon v. See,* 6 Iowa, 171; *Lyon v. Thompson,* 12 Iowa, 183; *Le Grand v. Fairall,* 86 Iowa, 211.

The appellant contends, however, that the motion to set aside the default should not have been sustained: (1) For the reason that the said Mary A. Berns did not comply with section 3790 of the Code, which requires the defendant to plead forthwith and file an affidavit of merits. A number of cases are cited in support of this position, but upon examination they will be found to be cases where there was in fact service, but it was in some respects irregular. The rule does not apply where there was no service, as in this case. *Arnold v. Hawley,* 67 Iowa, 313; *Henkle v. Holmes,* 97 Iowa, 695; *Hoitt v. Skinner,* 99 Iowa, 360. (2) Because a motion will not lie to set aside a default. It must be sought "on appeal or by direct proceedings." A motion to set aside a default is a direct proceeding as much as would be an action in equity. *Whetstone v. Whetstone,* 31 Iowa, 281; *Lyon v. Vanatta,* 35 Iowa, 521. But, if the motion were a collateral attack it would not for that reason be bad, for a void judment may be thus assailed. *Kitsmiller v. Kitchen,* 24 Iowa, 163; *Lyon v. Vanatta, supra.* That a void judgment may be set aside on motion has been held in *Allen v. Rogers,* 27 Iowa, 106; *Harshey v. Blackmarr,* 20 Iowa, 161; *Shelley v. Smith,* 50 Iowa, 543. In fact, it would seem to be a sound rule that a void judgment may be set aside at any time, unless, perhaps, innocent persons might plead laches which would defeat such action. *Jordan v. Brown,* 71 Iowa, 421. Many cases are cited to the effect that the court determined from the notice before it that it had jurisdiction, and that it was therefore an adjudication which could only be corrected on appeal. These cases are not in point, as we have heretofore shown. The order setting aside the default is AFFIRMED.—