Elwood H. Royer, Inc., Petitioner, v. J. E. Mershon, Judge, Defendant.

JUDGMENT: Municipal Court. Proceedings to *vacate* a judgment
1    of the municipal court for irregularity in obtaining the same is timely if brought within one year from the rendition of the judgment. (Sec. 694-c17, Code Suppl. Supp., 1915; Sec. 4093, Code, 1897.)

GARNISHMENT: Judgment without Jurisdiction. No jurisdiction
2    exists to render a judgment against a garnishee in a proceeding *in rem* against a non-resident defendant, when the garnishee's answer that he had no property in his possession belonging to the defendant stands uncontroverted.

*Certiorari to Des Moines Municipal Court.*—J. E. Mershon, Judge.

November 19, 1918.

This is a certiorari proceeding, brought to test the legality of an order entered by the respondent, as judge of the municipal court of the city of Des Moines. The facts appear in the opinion.—*Affirmed.*

*Miller & Wallingford* and *Oliver H. Miller,* for petitioner.

*Dunshee, Haines & Brody,* for respondent.

Evans, J.—The order complained of was entered on January 23, 1918, in a case entitled Elwood H. Royer v. H.

C. Pride. In the original case thus entitled, a judgment had
been entered on October 4, 1917, against
the Mechanics Savings Bank of Des Moines,
as garnishee. On January 14, 1918, the
garnishee filed a motion to set aside such judgment against
it, on the ground of irregularity in obtaining the same.
The motion recited the facts upon which the claim of al-
leged irregularity was based. The petitioner herein, who
was the plaintiff in such action, resisted the motion of the
garnishee, on the ground that it came too late; and such is
the contention now pressed upon us in this proceeding.

1. JUDGMENT:
   municipal
   court.

To go back to the original case, the plaintiff therein
began suit, aided by an attachment against a nonresident
defendant. He served his attachment by garnishment of the
garnishee bank. The bank answered, and disclosed by its
answer that it was not indebted to the defendant, and that
it had no funds in its hands the property of the defendant.
Such was the undoubted legal effect of the answers of the
garnishee. These answers were never controverted. Such
was the condition of the record on October 4th, 1917, when,
through the inadvertence of the attorney for the plaintiff
(whose good faith is not questioned by respondent herein),
he advised the court that the garnishee's answers admitted
liability. Upon such representation, the court signed a
prepared order, condemning the property in the hands of
the garnishee, and entered judgment against it.

The point now urged by the petitioner is that the mo-
tion of the garnishee, filed January 14, 1918, came too late,
and that the court had no jurisdiction to entertain it. It
is said that, under the provisions of Section 4093 of the
Code, the motion should have been filed on or before the sec-
ond day of the succeeding term of the court. It is not de-
nied that a petition might have been filed at any time with-
in one year. We deem it not very material, in this par-
ticular case, whether the application of the garnishee shall

be deemed a motion or a petition. Notwithstanding the appellation of motion, applied to it by the garnishee, it contained all the necessary allegations of a petition; and these allegations were proved by evidence produced at the hearing thereon.

Furthermore, Chapter 75 of the Acts of the Thirty-seventh General Assembly, relating to practice in municipal courts, provides:

"Section 1. * * * that within one year from the rendition of final judgment proceedings may be brought to reverse, vacate or modify the same, as provided in Chapter 1, Title XX, of the Code, for vacating or modifying final judgment or order of the district court."

Chapter 1, Title XX, of the Code includes Section 4093, which is as follows:

"Proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining judgment or order, shall be by motion served on the adverse party or his attorney, and within one year; if made to vacate a judgment or order because of irregularity in obtaining it, such motion must be made on or before the second day of the succeeding term."

It will be noted by this section that proceedings to correct or vacate a judgment for irregularity in obtaining the same "shall be by motion." This motion must be filed "within one year," with the exception that, "if made to vacate," the motion must be made on or before the second day of the succeeding term. It is urged by the respondent that the exception last stated can have no application to practice in the municipal court, because it is a continuing court, and has no terms. We think the point is well made. This is emphasized by the fact that, though Chapter 75 of the Acts of the Thirty-seventh General Assembly makes Section 4093 a part thereof, by reference, yet it expressly provides, as above quoted, that, "within one year from the

rendition of final judgment, proceedings may be brought to reverse, vacate or modify." It necessarily follows that the only limitation of time applicable to the municipal court is "within one year." The motion of the garnishee was, therefore, in time.

If further reason in support of the order of the court were necessary, it may be found in the fact that the judgment entered against the garnishee on October 4, 1917, was wholly without jurisdiction. The court had no personal jurisdiction of the defendant. The action was wholly *in rem.* Only jurisdiction *in rem* could be obtained, in any event. In the absence of a *res,* there could be no jurisdiction even *in rem.* The answer of the garnishee disclosed no indebtedness to the attachment defendant. There was nothing, therefore, to which jurisdiction could attach. The judgment against the garnishee was entered without notice, either to the defendant or to the garnishee. Where a purported judgment has been entered wholly without jurisdiction, statutory formalities are not essential to an attack upon it. It is subject to attack, either direct or collateral, at any time. In such a case, the court upon whose records such a void judgment has been entered, has the inherent power, upon a proper showing, to purge its record. The writ of certiorari will be dismissed. The order of the court below will be—*Affirmed.*

2. GARNISHMENT: judgment without jurisdiction.

PRESTON, C. J., LADD and SALINGER, JJ., concur.