M. S. DENMAN, Petitioner, v. H. H. SAWYER, Respondent.

No. 40397.

NOVEMBER 11, 1930.

*Harold S. Thomas,* for petitioner.

WAGNER, J.—This case presents the question of the legality of the action of the respondent judge, acting upon his own motion, in setting aside an order of the municipal court of the city of Des Moines, presided over by another judge of the same court, which order sustained a "motion to set aside a default and judgment," and also the legality of the action of the respondent in thereafter overruling said motion.

On February 20, 1930, Maureen Donnelly filed in the conciliation division of the municipal court of the city of Des Moines her verified statement of a claim for $28, claimed to be due her from M. S. Denman and wife, as wages for services rendered and money loaned. The Denmans were served with original notice, requiring them to appear and answer before 9 o'clock A.M. of

the 27th day of February, 1930. The defendants failed to appear, and on the morning of February 27th, at the request of the plaintiff, the cause was ordered transferred and docketed in the municipal court, and the default of the Denmans was there entered of record, and upon the taking of the sworn testimony of the plaintiff, judgment was rendered against the Denmans for the sum of $28 and costs. This judgment appears journalized in the records of the municipal court. All of the aforesaid matters were presented to and determined by Judge Sawyer. At 2 o'clock P.M. of the same day, the defendants filed in the clerk's office of said municipal court their motion to set aside the default and judgment, accompanying the same with an affidavit of merits, which motion, at said time and place, was regularly indexed and entered on the motion docket of said court, and the pendency of same was shown in the issue of the Daily Record of the following day. One of the rules of said court is that all motions, demurrers, and preliminary pleadings shall be for hearing on the second day after they are filed, unless, for good cause shown, they are continued. On the morning of March 1st, after 9 o'clock, the Denmans, through their attorney, presented the aforesaid motion to the municipal court, presided over by Judge Mershon, which motion was sustained. This order was journalized as follows:

"Maureen Donnelly, Plaintiff, vs. M. S. Denman, Mrs. M. S. Denman, Defendants.

"J. E. Mershon, Judge.

"Now this day [March 1, 1930], this case coming on upon motion to set aside default and judgment, and the court being duly advised in the premises, said motion is sustained. Plaintiff excepts."

Directly under the aforesaid record appears the following order:

. "Above order having been erroneously entered, it is hereby ordered canceled, and cause assigned for hearing March 6th, 2:00 P.M. H. H. Sawyer."

The action of Judge Sawyer in making the aforesaid order was upon his own motion. On the 1st day of March, 1930, about 9 A.M., the defendants Denman filed their answer and cross-

petition. On March 6th, at 2 P.M., the defendants Denman filed their special appearance in the clerk's office of the municipal court, attacking the jurisdiction of the court, and claiming that the court and the respondent judge had no jurisdiction or authority to proceed with a hearing on the motion to set aside the default or require the presence of the defendants for a hearing on the same, and moving, as a part of said special appearance, that the order entered by Judge Sawyer, upon his own motion, canceling the order of said court,—Judge Mershon presiding,— be vacated and set aside. The court, at this time presided over by Judge Sawyer, overruled the defendant's motion to vacate under special appearance, and at this same time overruled the motion of the Denmans to set aside the default and judgment. It will thus be observed that, in the granting of the order of the court,—Judge Mershon presiding,—the jurisdiction of the court to act in the premises was invoked by the motion of the defendants. The action of the respondent judge in setting aside the Mershon order and assigning the hearing on the motion for March 6th at 2:00 P.M. was on his own motion, the jurisdiction of the court to so act not having been invoked in any manner.

It is the claim of the petitioner that the action of the respondent judge in setting aside the order of the municipal court granted by Judge Mershon was without jurisdiction and constituted an illegality reviewable by certiorari proceedings, as were also the subsequent acts of said respondent judge hereinbefore mentioned.

It is provided by Section 10820, Code, 1927, that "no judge shall preside at the trial of any action involving a controversy in which he has acted as conciliator." It is the contention of the petitioner that the respondent judge, having acted as conciliator relative to the matter in controversy, prior to the time of the rendition of the judgment, was disqualified from passing upon the motion to set aside the default. We find it unnecessary to pass upon this question, and make no pronouncement thereon. It must be borne in mind that the judgment rendered was a judgment of record in the municipal court. The motion to set aside the default was filed with the clerk of said court. In this manner, the jurisdiction of the court was invoked to pass upon the matter. It was passed upon by said court, Judge Mershon presiding. This constituted judicial action upon the motion by

the municipal court. All provisions of law relating to the district court and the judges thereof shall, so far as applicable, apply to the municipal court and the judges thereof. Section 10664, Code, 1927. The municipal court had jurisdiction to pass upon the matter, regardless of who may have been the presiding judge of said court at the time in question. It was the same court, whether presided over by Judge Mershon or Judge Sawyer. Judge Mershon had legal authority to hold the court and do any business that might regularly come before it. The ruling made by the court (Judge Mershon presiding) is that of the court, as distinct from the personality of the presiding officer. See *McClain v. Capper*, 98 Iowa 145; *Renner Bros. v. Thornburg*, 111 Iowa 515; *State v. Jones*, 115 Iowa 113. It is true that we have held that the trial court has authority by statute, Section 10801, Code, 1927, to change or expunge any order or ruling at any time during the term at which it was made. See *Streeter v. Gleason*, 120 Iowa 703; *Boals v. Shules*, 29 Iowa 507; *Wolmerstadt v. Jacobs*, 61 Iowa 372; *Chicago, I. & D. R. Co. v. Estes*, 71 Iowa 603; *Brace v. Grady*, 36 Iowa 352; *Taylor v. Lusk*, 9 Iowa 444. And in some instances, the trial court, at the same term, presided over by the same judge who made a former ruling at said term, may, upon his own motion, change his ruling and accordingly make a correction of the record. See *Boals v. Shules*, 29 Iowa 507; *Brace v. Grady*, 36 Iowa 352. But there are no terms of the municipal court. The court is open for business twelve months in the year. See Section 10663 of the Code. While it may be that the action of Judge Mershon, as a presiding judge of the court, in passing upon the motion was not such as comity between fellow judges of the same court might suggest as proper, yet the judicial action taken by him at the time in question was the action of the court, the jurisdiction of which was invoked by the motion of the defendants. Another judge of said court, upon his own motion, could no more set aside said order than could Judge Mershon, upon his own motion, have set aside the judgment of $28. To sustain the action of the respondent judge in the premises would place judgments and other judicial acts in a state of uncertainty and hopeless confusion.

We do not pass upon the question as to whether or not Judge Mershon was fully warranted in setting aside the default: what we hold is that the jurisdiction of the court had been invoked to

pass upon the motion, and since it was invoked, the court could go either right or wrong in passing upon the proposition, and the correctness of said ruling is not before us at this time.

For the foregoing reasons, we hold that the action of the respondent judge in entering the order of cancellation of the order of the court (Judge Mershon presiding) was without jurisdiction and illegal, and all subsequent acts by said respondent, as shown by the record, are likewise without jurisdiction and illegal, and the writ is, accordingly, sustained.—*Writ sustained.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.