DONNA JANE DIMMITT, appellant, v. WILLIAM CAMPBELL, appellee.

DONNA JANE DIMMITT, appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a corporation, appellee.

No. 52474.

(Reported in 151 N.W.2d 562)

JUNE 6, 1967.

Mahoney, Jordan & Smith, of Boone, for appellant.

Cartwright, Druker, Ryden & Fagg, of Marshalltown, for appellees.

RAWLINGS, J.—By law action plaintiff first sought damages from defendant William Campbell resulting from an automobile collision.

Judgment by default was entered against this defendant. Execution was returned unsatisfied. Plaintiff then commenced an action against Campbell's insurer, State Farm Mutual Automobile Insurance Company. State Farm appeared and answered alleging the judgment entered against its insured was void. Plaintiff replied asserting the judgment against Campbell was voidable, not void, and made application for adjudication of law points raised by State Farm's answer. A motion was also filed on behalf of defendant Campbell to expunge the judgment against him. Motions in both actions were heard together.

The trial court held void the judgment against Campbell, ordered it be expunged, and overruled the motion for adjudica-

tion of law points as moot. Plaintiff appeals both cases. We affirm.

After the subject accident four attempts were made to effect service of notice on Campbell.

An original notice in the form employed for service on a resident requiring appearance in twenty days was mailed, and December 24, 1964, received by the sheriff of Tarrant County, Texas. About three weeks later it was returned with the endorsed notation: "I have called every Trailer Ct. in Arlington and several in Ft. Worth, also Hurst, Tex. and have been unable to locate this deft."

Next an original notice was filed March 15, 1965, with the State Commissioner of Public Safety. This was done after plaintiff had been advised by the sheriff of Story County, Iowa, to the effect defendant Campbell could not be there located and was reported to be residing in Texas.

March 18, 1965, a notice in the form prescribed for service on nonresidents was forwarded, restricted certified mail, addressed to Campbell at Lot 18, Terrace Trailer Park, Ames, Iowa. Attached was a copy of the notice filed in the office of the State Public Safety Commissioner. Proof of this procedure was made by filing an "Affidavit of Mailing" to the effect the address in Ames was Campbell's last known place of residence. This notice was returned bearing the stamped statement "Unclaimed".

A notice was then mailed to and received by the sheriff of Tarrant County, Texas, April 28, 1965, for personal service on Campbell. This notice was also in the form prescribed for service on an Iowa resident. The sheriff was unable to locate defendant and returned the papers with a notation: "Information is that the defendant reported to be living at Pecan Grove Trailer Park, 4705 East Broadway, Little Rock, Arkansas."

Finally a notice was mailed to and received June 17, 1965, by the sheriff at Little Rock. It was returned with the statement: "After a diligent search I failed to find the within named in said county." Here again a twenty-day Iowa resident notice was used.

Incidentally the record is devoid of any showing by plain-

tiff that defendant Campbell had a last known address outside the State of Iowa.

September 7, 1965, plaintiff filed a motion for default judgment with attached proof of efforts made to effect service of notice on Campbell. The same date a "Default Judgment Entry" was signed by Judge Paul E. Hellwege, and filed, awarding plaintiff judgment for $12,444.20 against defendant Campbell. This entry contains the following: "The Court finds that from the inspection of the record that defendant has been served with notice of this action pursuant to Sections 321.500, 321.501, 321.502 and 321.505, Code of Iowa, 1962, and that the proof of service pursuant thereto is on file herein."

November 22, 1965, execution was issued on this judgment as aforesaid and returned unsatisfied.

January 11, 1966, plaintiff commenced the previously mentioned action against defendant State Farm apparently on the basis of the provisions of chapter 516, Code, 1962.

Immediately prior to hearing on these motions plaintiff moved counsel for defendant Campbell be required to show proof of their authority to file a motion to expunge the judgment against him. These attorneys then stated in open court they represented Campbell's insurer and acted on behalf of the insured by virtue of policy provisions and did not know where Campbell could be found.

I. Plaintiff contends the judgment against Campbell was merely voidable, not void. This claim is without merit.

Defendant Campbell was never served with original notice in this state. Neither is there proof of the required strict compliance with our nonresident motor-vehicle statutes, section 321.498 et seq., Code of Iowa. See Esterdahl v. Wilson, 252 Iowa 1199, 1203–1208, 110 N.W.2d 241; Parker v. Bond, Mo. 330 S.W.2d 121, 122–126; 8 Am. Jur.2d, Automobiles and Highway Traffic, section 867, page 423; and annotations, 95 A. L. R.2d 1038.

The issue presented was fully discussed and decided contrary to the position taken by plaintiff Dimmitt in Emery Transportation Co. v. Baker, 254 Iowa 744, 119 N.W.2d 272. We there assumed the trial court was fully advised and found it had juris-

diction when judgment was entered, but this finding was not so conclusive as to be res adjudicata; defendant never received or refused to accept the statutory mailed notice; there had not been strict compliance with the nonresident motorist process provisions of the law; and default judgment entered was held void *for lack of jurisdiction.* See also Emery Transportation Co. v. Baker, 257 Iowa 1260, 1263–1265, 136 N.W.2d 529; Spencer v. Berns, 114 Iowa 126, 127, 128, 86 N.W. 209; Seely v. Reid, 3 (Greene) Iowa 374, 379–381; 30A Am. Jur., Judgments, section 357, page 398, and Restatement, Judgments, section 8.

Then in the case of In re Estate of Anders, 238 Iowa 344, 353, 354, 26 N.W.2d 67, this court determined a judgment void for lack of jurisdiction is subject to collateral attack. See also Holliday v. Arthur, 241 Iowa 1193, 1197, 44 N.W.2d 717, 24 A. L. R.2d 1302; E. H. Royer, Inc., v. Mershon, 184 Iowa 1065, 1068, 169 N.W. 400, and 49 C. J. S., Judgments, sections 421, 422(a), pages 822–829.

Furthermore a void judgment need not necessarily be challenged within one year after its rendition as provided in rules 252, 253, R. C. P., and neither laches nor estoppel can validate it. Halverson v. Hageman, 249 Iowa 1381, 1386, 1387, 92 N.W.2d 569, and E. H. Royer, Inc., v. Mershon, supra.

The factual situation in the case now before us discloses no lawfully adequate and proper notice was ever served on defendant Campbell in the form, manner or means prescribed by law, either within or outside the territorial limits of the state, and no general appearance was ever entered by him.

Under these circumstances the purported judgment against this defendant was void, therefore subject to either direct or collateral attack.

II. However, plaintiff takes the position that absent a showing of fraud or collusion a finding the court had jurisdiction to enter judgment is presumed to be correct and stands unless overcome by additional evidence.

In some instances this may be true. But where, as in the case now before us, the face of the record discloses absence of jurisdiction, the foregoing presumption falls of its own weight and a court may act to vitiate a nonjurisdictional judgment on

its own initiative or upon motion by any person, including one standing in privity with a party to the action. Thornily v. Prentice, 121 Iowa 89, 92, 96 N.W. 728, 100 Am. St. Rep. 317; Spencer v. Berns, 114 Iowa 126, 128, 86 N.W. 209; 49 C. J. S., Judgments, sections 267, page 480, and 287, page 521.

Furthermore, neither fraud nor collusion was asserted and any proceedings to annul a judgment based upon either such premise is foreign to this case.

Here a direct attack was made by Campbell upon the judgment against him. See Brown v. Tank, 230 Iowa 370, 374, 297 N.W. 801.

And since the record disclosed a self-evident total absence of jurisdiction, no extraneous or additional showing was required in support of the motion to expunge the judgment. The record spoke for itself. 49 C. J. S., Judgments, section 267, page 480, and 30A Am. Jur., Judgments, sections 697, 698, pages 662–664.

III. Another question presented is whether Judge Harvey Uhlenhopp had authority to entertain and rule upon Campbell's motion to set aside or expunge the judgment entered by Judge Paul E. Hellwege.

This State is by law divided into judicial districts, including the eleventh, which consists of the counties of Story, Boone, Webster, Hamilton, Hardin, Franklin and Wright. See Article V, Iowa Constitution, and Code chapter 604.

We also take judicial notice the judges above named were, at the respective times here concerned, duly qualified and presiding in the Eleventh Judicial District. And according to law district courts convene by terms, with no one judge ordinarily presiding at succeeding terms in any one county. A judge serving in a county during one term is usually succeeded by another at a subsequent term or terms of court in the same county. Chapter 604, Code, 1962. Judge Hellwege presided in Story County when the now disputed judgment was entered. Judge Uhlenhopp was presiding in the same county when the jurisdictional motions were presented.

Hearing on the two motions here involved was ordered held before Judge Uhlenhopp. They were so heard and determined.

At no time however did plaintiff enter objection or exceptions to this procedure. In fact the question as to Judge Uhlenhopp's authority to act was first raised on appeal.

Ordinarily we will not consider an issue so belatedly presented. See Verschoor v. Miller, 259 Iowa 170, 143 N.W.2d 385, 389; Markworth v. State Savings Bank, 217 Iowa 341, 347, 251 N.W. 857; In re Estate of Hale, 231 Iowa 1018, 1020–1022, 2 N.W.2d 775; and Renner Bros. v. Thornburg, 111 Iowa 515, 522, 82 N.W. 950.

Be that as it may we find no merit in the challenge made by plaintiff relative to Judge Uhlenhopp's authority.

In urging this proposition plaintiff leans heavily on Denman v. Sawyer, 211 Iowa 56, 232 N.W. 819. But that case accords her no actual support. It is neither in point nor here persuasive. There one municipal judge entered an order of default and judgment. Another judge of the same court, on his own motion, subsequently set aside the prior order and judgment as having been "erroneously entered".

That is not our situation. The judgment against Campbell was a nullity and as already determined could be set aside at any time. No attempt was made by Judge Uhlenhopp to relitigate the case or set aside a judgment sua sponte upon the basis of mere irregularity. He was presented with a motion challenging jurisdiction of the court to enter the judgment here assailed.

Furthermore in the Denman case, supra, loc. cit. 211 Iowa 59, we said: "The municipal court had jurisdiction to pass upon the matter, regardless of who may have been the presiding judge of said court at the time in question. It was the same court, whether presided over by Judge Mershon or Judge Sawyer. Judge Mershon had legal authority to hold the court and do any business that might regularly come before it. The ruling made by the court (Judge Mershon presiding) is that of the court, as distinct from the personality of the presiding officer." And see State v. Emmons, 72 Iowa 265, 269–271, 33 N.W. 672.

There was no error on the part of Judge Uhlenhopp in ruling upon either or both motions here concerned. In this regard see also 30A Am. Jur., Judges, section 42, page 26, and

section 46, page 28; Annotations, 11 A. L. R.2d 1118–1119 and 132 A. L. R. 39.

IV. Plaintiff's action against State Farm Mutual Insurance Company was presumably foundationed upon chapter 516, Code of Iowa.

 Section 516.1 contemplates the existence of a valid judgment against an insured. And as we have heretofore held, the purported judgment against the insured Campbell was void. Having been accordingly expunged there remained no basis upon which plaintiff could proceed against Campbell's insurer.

It is self-evident the foundation of plaintiff's action against State Farm crumbled and fell when judgment against Campbell was vacated.

On this point the material part of the trial court's order is as follows: "Since that judgment (against Campbell) must fall and there is no judgment, the law points in Civil No. 25,155 (against State Farm), based on the premise that there is a judgment, become moot." We agree with that conclusion.

V. The trial court was correct in expunging the judgment against defendant William Campbell and holding moot plaintiff's application for adjudication of law points in her action against defendant State Farm Mutual Automobile Insurance Company. We so hold.

Both cases affirmed.

All JUSTICES concur.