James F. MILLER, doing business as Miller Equipment Company, Appellee,

v.

FARMERS COOPERATIVE COMPANY, LOST NATION, Iowa, Appellee,

and

Robert W. Lerigo, doing business as General Mills Supply Company, Appellant.

No. 53849.

Supreme Court of Iowa.

May 5, 1970.

Charles J. Munson, Bettendorf, for appellant.

Norton & Freese, Lowden, for appellee Farmers Cooperative Co.

No appearance for appellee James F. Miller.

UHLENHOPP, Justice.

We have here to decide whether we must vacate an order sustaining a motion for summary judgment and a judgment on a cross-petition for lack of jurisdiction.

Farmers Cooperative Company contracted for the installation of a grain dryer on its real estate. The principal contractor was either Robert W. Lerigo or General Mills Supply, Inc., an issue in dispute. In turn, the principal contractor subcontracted with James F. Miller to supply and install the dryer itself. Miller performed his subcontract and the Cooperative paid the principal contractor in part, but the principal contractor did not pay Miller. The balance the Cooperative contended it owed the principal contractor was less than the amount Miller claimed. Lerigo previously lived in Marion, Iowa, but on August 27, 1968, he became married and moved to Moline, Illinois.

Miller filed a mechanic's lien against the Cooperative's real estate. On September 5, 1968, he filed this suit in equity against the Cooperative and Lerigo, seeking foreclosure of the lien. The Cooperative was served with original notice in Iowa the same day, and Lerigo was personally served

with original notice in Illinois on September 26, 1968. Subsequently the Cooperative filed answer and Miller filed reply, but Lerigo did not appear.

On October 31, 1968, the Cooperative filed a cross-petition against Lerigo asking indemnity for any sum it was compelled to pay Miller plus its expense of defending the main suit. It also alleged that Lerigo was a nonresident of Iowa but owned real estate in Scott County, Iowa, and it prayed for a writ of attachment. On the same day the district court (Stohr, J.) ordered that a writ issue on filing bond. Bond was filed, and on November 4, 1968, writ issued. On November 11, 1968, levy was made on Lerigo's real estate under the writ. Lerigo was not served with notice of the levy, as the sheriff certified in the return that Lerigo could not be found in the county.

On December 6, 1968, Miller filed a motion for summary judgment on his petition against the Cooperative and Lerigo. On January 14, 1969, the district court (Sutton, J.) ordered, "Motion for summary judgment filed in this case upon the part of the plaintiff is granted, with exceptions noted." No judgment however was entered on the order.

On February 11, 1969, the district court (Sutton, J.) rendered personal judgment against Lerigo on the Cooperative's cross-petition. Subsequently time was set for sheriff's sale of Lerigo's real estate.

On March 27, 1969, Lerigo filed the instant special appearance and motion to set aside judgments on the ground that the district court was without jurisdiction. He asked for rulings that no personal judgment should have been rendered against him and that the writ of attachment and levy be quashed. Hearing was held, and on May 16, 1969, the trial court overruled the special appearance and motion on the ground that Lerigo had not employed the proper procedure to get at the infirmities claimed.

The Cooperative paid Miller the balance it contended it owed the principal contractor, and later it paid Miller the full balance he claimed and took an assignment of a supposed judgment of Miller against Lerigo.

Counsel stipulated for a delay in the sheriff's sale of Lerigo's real estate.

Solutions of these problems are determinative of the appeal: (1) Is special appearance and motion to set aside the proper procedure for challenging judgments for want of jurisdiction? (2) What proceedings are to be taken in this court in an appeal of this kind? (3) Did the district court have jurisdiction on Miller's claim? (4) Did the district court have jurisdiction on the Cooperative's cross-claim? and (5) What disposition should be made of the case?

I. Concerning the problem of proper procedure, it is doubtful that special appearance is appropriate after a purported judgment is rendered. Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 488, 292 N.W. 143, 146 ("We doubt that such procedure is feasible or proper."). But Lerigo included as well a motion to set aside, and taking his special appearance and motion by the four corners it appears he was actually seeking to vacate the order on the motion for summary judgment and the judgment on the cross-petition for lack of jurisdiction.

 The conventional method of attacking a judgment claimed to be void is by suit in equity. Restatement, Judgments, sec. 112, comments c and f, sec. 117. With the fusion of law and equity, litigants are today permitted to come into the court which rendered the judgment and attack the judgment by motion. Williamson v. Williamson, 179 Iowa 489, 161 N.W. 482; Spencer v. Berns, 114 Iowa 126, 86 N.W. 209. Rules 252 and 253, Rules of Civil Procedure, are not applicable in such a situation, although a petition under them may be considered a motion to set aside for lack of jurisdiction in the absence of objection by the opponent. Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919.

The motion to set aside here was a proper method of getting at the claimed infirmities, even though the special appearance portion may have been untenable procedurally.

II. Regarding the proceedings to be taken in this court, in suits of this kind motions to vacate for lack of jurisdiction are heard de novo. Swift v. Swift, 239 Iowa 62, 68, 29 N.W.2d 535, 539 ("Trial here is de novo."); Whitcomb v. Whitcomb, 46 Iowa 437. Thus we are obliged to ascertain the facts, and to do so from the records in the case which were before the trial court and are now before us.

III. As to the jurisdiction of the district court on Miller's claim in the petition, the initial issue is Lerigo's residence when served with original notice in Illinois on September 26, 1968. Previously Lerigo lived in Iowa, but in support of his motion to set aside he filed his affidavit on May 9, 1969, in which he swore "that I have been a resident of the City of Moline, Illinois, since my marriage on August 27, 1968, and have lived at 1805 31st Street A., Moline, Illinois, since said date and that I have not been a resident of Iowa at any time during August 27, 1968, and this date * * *." The Cooperative adduced no contrary proof by cross-examination of Lerigo, counter affidavit, or otherwise. In addition, Lerigo was actually found for service in Illinois; and when the Cooperative sought to attach, it filed its verified cross-petition that he was a nonresident of Iowa. The cross-petition was filed subsequent to the time Lerigo was served with original notice, but it lends credence to his affidavit.

The Cooperative contends that Lerigo was once a resident of Iowa, and that residence is presumed to continue until the contrary is shown. But the contrary has been shown. The Cooperative also contends Lerigo was fiduciary of his mother's estate in Scott County, and if he had become a nonresident he would have been removed as such. The contention is tenuous at best, and insufficient to overcome Lerigo's posi-

tive affidavit. Finally the Cooperative claims if Lerigo did move to Illinois in August 1968, he did not live there long enough to establish a residence in September following. Perhaps not long enough for voting and some other purposes, but long enough to establish domicile for the purpose of the jurisdiction of courts. Estate of Schoof v. Schoof, 193 Kan. 611, 396 P.2d 329; In re Ozias' Estate, Mo.App., 29 S.W.2d 240, 241 ("Residence and domicile are used interchangeably"). Acquisition of domicile does not require the lapse of any particular length of time. 28 C.J.S. Domicile § 10b, p. 14; Restatement, Conflict of Laws, sec. 15(3). It appears that Lerigo was a resident of Illinois when served with original notice there.

What does this mean as to jurisdiction on Miller's petition? Miller sought to foreclose his lien on the Cooperative's real estate for the amount he claimed Lerigo owed him. In a similar situation, this court held the district court had jurisdiction in rem to bind the three parties' interests in the real estate subject to the lien for the amount the principal contractor owed the subcontractor. Simonson Bros. Manufacturing Co. v. Citizens' State Bank, 105 Iowa 264, 74 N.W. 905. The result here is that as to Lerigo, the district court had jurisdiction in rem to bind the interests of the Cooperative, Lerigo, and Miller in the Cooperative's real estate for the amount Lerigo owed Miller. In Simonson the principal contractor was notified by publication; Lerigo was personally served, but that service took the place of publication. Rule 64, R.C.P. Since however Lerigo resided and was served in Illinois, the district court could not render personal judgment against him. Richardson v. Richardson, 134 Iowa 242, 111 N.W. 934.

The parties seem to assume at this point that the district court rendered judgment for Miller against the Cooperative and Lerigo. But Judge Sutton merely ordered Miller's motion for summary judgment granted. Judgment was not rendered on

the order. See Loth, Iowa Forms Civil Procedure and Practice (1957) sec. 799. Judge Sutton's order was proper and should stand, for there was really nothing to try between Miller and the Cooperative, and Lerigo had not appeared. The judgment itself remained to be fashioned in the light of the allegations of the petition and the jurisdiction the court possessed. The judgment would be in rem that Miller's lien be established superior to the interests of the Cooperative and Lerigo in the Cooperative's real estate, and that the lien be foreclosed.

■ IV. With reference to jurisdiction on the cross-petition, while Lerigo was personally served with original notice in the main suit he was not served with original notice of the cross-claim itself. Was service of a second original notice on him essential?

Rule 33, R.C.P. permits cross-actions to be joined "arising out of the transaction or occurrence which is the basis of the original action or any counterclaim therein." The petition and cross-petition both related to the grain dryer transaction, and the cross-petition sought to make Lerigo ultimately responsible for the very claim alleged in the petition. The cross-action was properly joined. See Dutcher, Joinder of Parties and Actions, 29 Iowa L.Rev. 3, 13; Frommeyer v. L & R Construction Co., D.C., 139 F.Supp. 579.

■ But the main suit was specifically directed against the Cooperative's real estate. The suit was in rem and that real estate was the res. 1 C.J.S. Actions § 52, pp. 1148–1150; 1 Am.Jur.2d Actions, § 41, pp. 574–575; Restatement, Judgments, chapter 1, pp. 7–8 (called "quasi in rem" by American Law Institute). See also, Van Iperen v. Hays, 219 Iowa 715, 259 N.W. 448; Federal Land Bank of Omaha v. Jefferson, 229 Iowa 1054, 295 N.W. 855. Thus the court's jurisdiction was confined to the parties' interests in the Cooperative's real estate. Under the cross-petition, however, the Cooperative attached other unrelated real estate. That was another lawsuit requiring the service of another original notice on Lerigo. It is true that service of notice of the levy of attachment was not required in order to effect the levy, as the sheriff returned that Lerigo could not be found in the county. Section 639.31, Code, 1966; Schoonover v. Osborne (Iowa), 79 N.W. 372. But the necessity for service of original notice of cross-action itself remained. Actions aided by attachment are governed by the rules relating to actions generally. 7 C.J.S. Attachment § 481, p. 640. Lerigo's present special appearance and motion did not constitute a general appearance. Emery Transportation Co. v. Baker, 257 Iowa 1260, 136 N.W.2d 529.

The district court, however, rendered personal judgment against Lerigo on the cross-petition. It was without jurisdiction to do so and the purported judgment is a nullity. Cassidy v. Woodward, 77 Iowa 354, 42 N.W. 319.

■ V. As to disposition of the case on Miller's petition, as previously stated the Cooperative took an assignment of a supposed judgment for Miller and against Lerigo, but no such judgment had been rendered. Since Miller has been paid, it seems idle to enter judgment for him now. The assignment may simply be treated as a transfer of Miller's rights to the Cooperative. Such a judgment would not be res judicata on the cross-petition anyway, except to the extent it subjected the interests of the Cooperative and Lerigo in the Cooperative's real estate to a lien for the amount of Miller's claim. Restatement, Judgments § 73(2). Under the circumstances here, we treat Judge Sutton's order as though formal judgment had been entered on it.

As to disposition of the Cooperative's cross-action, since the judgment there is void the matter stands as though no judgment had been rendered. 49 C.J.S. Judgments § 306, p. 557; 7 C.J.S. Attachment § 260, p. 436, § 268, pp. 444, 445. The cross-petition is on file and levy has been

made on Lerigo's real estate under the writ of attachment. But the district court cannot go forward with the cross-petition until the Cooperative causes Lerigo to be served with original notice, unless he appears.

Reversed and remanded.

All Justices concur.