**Ora Jean ROSENBERG and Mona Ann Jackson, Appellees,**

v.

**Susan Lee JACKSON et al., Appellant.**

No. 2–57606.

Supreme Court of Iowa.

Nov. 17, 1976.

Seymore M. Raben, Davenport, for appellant.

Roger W. Sunleaf, Montezuma, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

LeGRAND, Justice.

The question here is whether the trial court was right in sustaining plaintiffs' special appearance to Susan Lee Jackson's motion to set aside a default judgment. We say it was not, and we reverse.

Ora Jean Rosenberg and Mona Ann Jackson, the plaintiffs, are granddaughters of Clarence L. Light. Together with their father, William M. Light, they took an interest as life tenants in an 80-acre farm owned by their grandfather at the time of his death. On October 9, 1970, plaintiff filed a partition action asking authority to sell this farm. All other persons holding an interest in the real estate under Clarence L. Light's will were made defendants. One of these is Susan Lee Jackson, who is the daughter of Mona Ann Jackson and a niece of Ora Jean Rosenberg. She held a contingent remainder interest which was to vest upon the death of the three life tenants. Pursuant to court order, this property was sold on November 18, 1970, for $89,600.

Susan challenges the validity of the judgment and the resulting sale of the farm because of the manner in which she was served with original notice of the pending suit.

Plaintiffs filed a special appearance to Susan's motion to vacate the judgment solely on the ground that it was not timely under Rule 236, Rules of Civil Procedure (a motion to set aside a default must be filed within 60 days) nor under Rules 252 and 253, R.C.P. (petition to vacate a judgment must be filed within one year).

Although Susan filed her motion to vacate promptly upon discovering the farm had been sold, this was almost four years later. If plaintiffs are correct in their argument that Susan's right to relief is governed by Rule 236 and by Rules 252 and 253, R.C.P., this lapse of time would indeed defeat her claim at this late date. However, for reasons hereafter stated, we hold those rules do not control.

Although we later hold this dispute is legal rather than factual, a resume of Susan's evidence will help explain the controversy between the parties.

Susan left her mother's home in Davenport, Iowa, when she was 16 years of age and took up residence in Rock Island, Illinois, with Jack Madden, who was 52 years of age. Susan moved all of her personal effects out of her mother's home except some clothing which she did not at the moment need. She visited her mother from time to time but did not ever again live at her home.

On October 2, 1970, Susan married Mr. Madden in Alabama. That same day, she called her mother and told her of the marriage.

One week later on October 9, 1970, plaintiffs' petition for the sale of the real estate here involved was filed in Poweshiek District Court. On October 12, 1970, an application was filed by plaintiffs' attorneys stating Susan Lee Jackson was a minor under 18 years of age and that "said minor is the daughter of and is in the custody and control of the plaintiff, Mona Ann Jackson, and that a guardian ad litem should be appointed for her upon whom service of the original notice in this cause can be made."

This application was filed to set the stage for service of notice on Susan as a minor under 18 years of age under the provisions of Rule 56(b), R.C.P.

On the same day an order was entered appointing Vincent E. Johnson, a Montezuma lawyer, as guardian ad litem for Susan. Service of an original notice on her behalf was made upon him. He subsequently filed a general denial in answer to the petition against his ward.

Susan alleges the court lacked jurisdiction because no valid service was had upon her. She bases this on two arguments. First, she argues, if service could properly be made at all under Rule 56(b), it should have been made upon Jack Madden, the adult person with whom she resided at that time. Secondly, she says she attained her majority by marriage and service should

have been made upon her individually as an adult person. *See* § 599.1, The Code. She also raises generally the constitutionality of Rule 56(b) as applied to her, but we need not reach that question.

As already pointed out, the sole ground of the special appearance was failure to move to set it aside within the time allowed by Rule 236 or by Rules 252 and 253. This was also the sole ground of the trial court's order sustaining the special appearance.

Plaintiffs produced no evidence at the hearing on the special appearance, apparently content to rely on their mistaken belief Susan could not maintain her action because of the rules referred to above.

The plaintiffs' special appearance raised the legal issue that this four-year-old judgment had become final. Plaintiffs claimed in the trial court only that Susan's motion came too late, regardless of how notice was served on her. Only Susan introduced evidence at the hearing. Plaintiffs did not attempt to refute her testimony, nor was there any reason to do so under their theory of the case.

We believe it is important to point this out because our holding is not to be taken as an adjudication on the facts alleged in Susan's motion to vacate the judgment. Those matters remain for determination by the trial court when a hearing on the merits is held.

■ We now decide only that the motion to vacate raises jurisdictional questions which, if resolved in Susan's favor, would render the judgment against her void. *Dimmitt v. Campbell,* 260 Iowa 884, 887, 888, 151 N.W.2d 562, 565 (1967) and cases there cited; *Emery Transportation Company v. Baker,* 254 Iowa 744, 750, 119 N.W.2d 272, 276 (1963). A void judgment may be attacked at any time. It is not limited by Rules 252 and 253, R.C.P., nor by Rule 236.

In *Dimmitt* we said:

" * * * [A] void judgment need not necessarily be challenged within one year after its rendition as provided in Rules 252, 253, R.C.P., and neither laches nor estoppel can validate it."

*Miller v. Farmers Cooperative Company,* 176 N.W.2d 832, 834 (Iowa 1970), is a more recent case dealing with a similar situation. There we said:

"The conventional method of attacking a judgment claimed to be void is by suit in equity * * *. With the fusion of law and equity, litigants are today permitted to come into the court which rendered the judgment and attack the judgment by motion. *Williamson v. Williamson,* 179 Iowa 489, 161 N.W. 482; *Spencer v. Berns,* 114 Iowa 126, 86 N.W. 209. Rules 252 and 253, Rules of Civil Procedure, are not applicable in such a situation * * *."

Susan's motion to vacate on jurisdictional grounds is not controlled by the cited Rules of Civil Procedure. As the cases referred to demonstrate, such an issue may be raised at any time. *See also* comment to § 3.28 relative to Rule 56(b) in 6 Iowa Rules of Civil Procedure Forms (Loth 1971), page 55. The trial court erred in sustaining plaintiffs' special appearance.

One other matter requires brief mention. Plaintiffs assert Susan's status should be determined under Illinois law, because she was a resident of that state when service was made. They claim further that the marriage of a minor does not accelerate majority in that state.

■ This was not raised in the trial court. Illinois law was neither pled nor proven. We therefore give this contention no consideration. *Berghammer v. Smith,* 185 N.W.2d 226, 230 (Iowa 1971).

We reverse the order sustaining plaintiffs' special appearance and remand for appropriate proceedings on the merits of the motion to vacate.

REVERSED AND REMANDED.