345 N.W.2d 138 (1984)
In the Interest of E.C.G., a minor.
D.L.S., Sr. and J.S.
v.
L.R.G., Appellant.
No. 83-743.
Supreme Court of Iowa.
March 14, 1984.
*139 Troyce A. Wheeler of Anderson & Wheeler, Council Bluffs, for appellant.
Scott H. Peters of The Peters Law Firm, P.C., Council Bluffs, for appellee administrator of the estates of D.L.S., Sr. and J.S.
Considered by UHLENHOPP, P.J., and HARRIS, LARSON, CARTER and WOLLE, JJ.
CARTER, Justice.
The appellant is the natural father of a two-year-old girl who was killed in an automobile *140 accident on December 24, 1982. One day prior to her death the father's parental rights had been terminated by the juvenile court in a proceeding under Iowa Code chapter 600A (1981). His motion to vacate the order terminating parental rights was denied by the juvenile court and that ruling is the subject of this appeal.
The record reveals that the petition for termination of parental rights was filed by the deceased child's half sister (appellant's daughter) and her husband because appellant, who was then sixty-six years of age and separated from his wife, was unable to care for a two-year-old child. The child's half-sister and her husband had accepted physical custody of her for some time prior to her death and prior to the filing of the petition for termination of parental rights. They were also killed in the December 24 accident.
The petition, which was filed on December 15, 1982, recited that neither the natural father nor the natural mother of the child had any objection to the requested termination of their parental rights and asked that the child's half sister be named as her guardian. It was accompanied by a release of custody signed by both natural parents and witnessed by two disinterested persons.
A hearing was held on the petition for termination of parental rights on December 23, 1982. Neither parent appeared at that hearing. Following the hearing the juvenile court ordered the termination of the parental rights of both natural parents. The order recited as grounds therefor that each parent had signed a release of custody and had no objection to the termination. Evidence as to mistreatment of the child, if any, related only to the child's natural mother. Although the termination order recited that the parents had abandoned the child and neglected their parental duties, no evidence had been presented to sustain that allegation as to the natural father other than his relinquishment of physical custody to the child's half sister in anticipation of this termination proceeding and a proposed adoption.
On January 10, 1983, the father filed a motion to vacate the December 23, 1982 order terminating his parental rights. He alleged that the child had been killed in an automobile accident one day after that order, that property rights were involved in the form of a potential wrongful death recovery, and that the court should exercise its retained jurisdiction under Iowa Code section 600A.9(2) (1981) to vacate the order terminating his parental rights. On February 24, 1983, the father's motion to vacate the termination order was amended so as to further allege that necessary parties had not been notified of the hearing on the petition to terminate parental rights and that his consent to termination had been obtained by fraud.
On April 25, 1983, the juvenile court denied and dismissed appellant's application to vacate the order terminating his parental rights. The court did not consider the issues relating to adequacy of notice of the hearing to terminate parental rights or allegations that the father's consent to such termination had been obtained by fraud. It believed such issues were beyond the limited jurisdiction afforded to vacate an order terminating parental rights under section 600A.9(2) and, in any event, were untimely under Iowa Code section 600A.4(4). The juvenile court also determined that any issue under section 600A.9(2) had been rendered moot by reason of the death of the child.
I. Timeliness of appeal. The appellees urge that because the appellant's notice of appeal was not filed within 30 days of the order terminating his parental rights this court is without jurisdiction to consider this appeal. We find no merit in such claim. Section 600A.9(2) gives the juvenile court continuing jurisdiction to consider an application to vacate an order terminating parental rights under chapter 600A as long as the child is not on placement for adoption or, a petition for adoption of the child is not on file. Appellant's motion in the juvenile court under section 600A.9(2) was therefore timely. Moreover, the grounds alleged as to inadequate notice *141 and extrinsic fraud are such as would render the decree void if established and were therefore also timely raised by the February 24 amendment to appellant's motion. See Rosenberg v. Jackson, 247 N.W.2d 216, 218 (Iowa 1976). This appeal was taken within thirty days of the juvenile court's ruling on these timely post-decree motions and is therefore a timely appeal with respect to that ruling.
II. Denial of motion to vacate. We believe that the juvenile court should have made findings on and decided appellant's claims that (a) proper notice had not been given of the termination hearing, and (b) that his consent to termination of his parental rights had been obtained by extrinsic fraud. Those contentions, if established, might have rendered the order of termination void. See Rosenberg v. Jackson, 247 N.W.2d at 218, Miller v. Farmers Cooperative Co., 176 N.W.2d 832, 834 (Iowa 1970). Such allegations were properly joined with the rest of appellant's motion based upon section 600A.9(2). We do not remand the matter for such findings and determination, however, as we believe that there are other reasons why the motion to vacate should have been granted.
The applicable provisions of section 600A.9(2) are as follows:
If an order is issued [granting a petition for termination of parental rights] under... this section, the juvenile court shall retain jurisdiction to ... allow a terminated parent to request vacation of the termination order if the child is not on placement for adoption or a petition for adoption of the child is not on file. The juvenile court shall grant the vacation request only if it is in the best interest of the child.
There is some indication in the decision of the juvenile court that it believed that it could not vacate the termination order in the present case because it was based on a release of custody under section 600A.8(1), and section 600A.4(4) precludes revoking such a release after an order terminating parental rights. We find nothing in section 600A.9(2) which indicates that the juvenile court's retained jurisdiction under that section to vacate orders terminating parental rights does not extend to cases where the termination order was predicated upon a release of custody by the natural parent.
We also disagree with the juvenile court's finding on the present record that the motion to vacate the termination of the father's parental rights is now moot as a result of the death of the child. A case is moot if it no longer presents a justiciable controversy because the issues involved have become academic or nonexistent. Hamilton v. City of Urbandale, 291 N.W.2d 15, 17 (Iowa 1980); Board of Directors v. Green, 259 Iowa 1260, 1264, 147 N.W.2d 854, 856 (1967). It is apparent from the opposing contentions in the present case that the issues involved are not merely academic. The record indicates that the natural father wanted a voice in the appointment of a personal representative of the child for purposes of pursuing a wrongful death claim and also a voice in determining where the child should be buried. In addition, if the anticipated wrongful death action results in a recovery, property rights would be affected by the court's ruling on the motion to vacate the order terminating parental rights.
We also reject the juvenile court's determination that because the standard for granting a motion to vacate termination of parental rights under section 600A.9(2) is "the best interest of the child," the death of the child precludes the granting of relief to the natural father under that section. Section 600A.4(4) directs that, in termination cases involving voluntary releases of custody, consideration should also be given "to the interest of the parents." Where there is more than one statute pertaining to the same subject, each must be considered and the concept of pari materia, that statutes dealing with the same subject matter must be reconciled, comes into play. Matter of Estate of Bliven, 236 N.W.2d 366, 369 (Iowa 1975); State v. Bartz, 224 N.W.2d 632, 635 (Iowa 1974); Goergen v. *142 State Tax Commission, 165 N.W.2d 782, 785-86 (Iowa 1969); 2A Sutherland, Statutory Construction, §§ 51.02-51.03 (Sands 4th ed. 1973). Applying that principle to the present case we conclude that interests of natural parents may provide justification for vacating an order terminating their parental rights where such action is not adverse to the best interests of the child.
In the present case no interest of the child or the petitioners is served by having the order terminating appellant's parental rights remain in force and effect. Vacation of the order furthers substantial rights of the natural father and is consistent with the legislative policy with respect to determination of burial rights, the priority in selection of personal representatives and the distribution of property in intestate estates. Based on these considerations, we find that the appellant's application to vacate the order of the juvenile court case issued on December 23, 1982 with respect to termination of appellant's parental rights should have been granted. We reverse the order from which this appeal is taken and remand the matter to the juvenile court for an order consistent with this opinion.
REVERSED AND REMANDED.