Allen Douglas HELMERS, Appellee,

v.

ALTRUCK FREIGHT SYSTEMS a/k/a Pacific Carriers, Employer,

and

Transport Indemnity Insurance n/k/a Transport Insurance Company, Insurance Carrier, Appellants.

No. 87–1708.

Supreme Court of Iowa.

Feb. 22, 1989.

Fred L. Morris, Des Moines, for appellants.

W.H. Gilliam, Waterloo, for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and SNELL, JJ.

CARTER, Justice.

This appeal arises with respect to a workers' compensation review-reopening proceeding brought before the industrial commissioner. The agency entered a default against the employer and insurance carrier for their failure to answer the petition within the time required by agency rules. A final order fixing benefits was later entered. The agency refused to consider a motion to set aside the default filed fifty days after the final order on the ground that it was untimely. The employer and insurance carrier then filed a petition for judicial review seeking to challenge such refusal. That petition was dismissed by the district court on jurisdictional grounds. Because we disagree with the decision of the district court and the agency, we reverse their orders and remand the case to the agency for consideration of appellants' motion to set aside the default.

As a result of an injury sustained on March 17, 1981, Allen Douglas Helmers (the claimant) obtained weekly benefits of $203.16. Pursuant to a memorandum of agreement, the last weekly benefit payment was made to claimant on December 25, 1981. On August 9, 1985, the claimant filed a review-reopening petition seeking additional disability benefits. The review-reopening petition had been served by mail on the employer on July 2, 1985, and on the insurance carrier on July 9, 1985. Proofs

of these services were filed with the agency.

On October 4, 1985, upon the claimant's request, a deputy industrial commissioner entered an order of default against the employer and insurance carrier for failure to serve an answer within twenty days as required by 500 Iowa Administrative Code 4.9(3) (now found in 343 Iowa Admin.Code 4.9(3)). The agency's order of default declared that an agency rule "makes Iowa Rule of Civil Procedure 230 applicable to default motions before this agency." On March 6, 1986, an unreported hearing was held before a deputy industrial commissioner at which only the claimant appeared. On August 21, 1986, the deputy commissioner filed an order finding an increased disability and establishing additional weekly workers' compensation benefits due to the claimant from his employer.

On October 10, 1986, the employer and insurance carrier filed a motion to set aside the default and order of benefits relying in part on Iowa Rule of Civil Procedure 236, which allows such a motion to be filed within sixty days of a final judgment or order. That motion claimed that the review-reopening petition had been mailed to the wrong address. The deputy industrial commissioner refused to consider whether the grounds of the motion were valid because of his belief that Iowa Rule of Civil Procedure 236, relating to the setting aside of defaults and judgments by default, has no application to the present controversy. On appeal to the industrial commissioner, that order was affirmed.

On a petition for judicial review, the district court determined that, because the industrial commissioner was without jurisdiction to hear the application to set aside default, both the agency and the court lacked jurisdiction of the issue. Based on this premise, the district court dismissed the petition for judicial review for want of subject matter jurisdiction. The employer and insurance carrier have appealed from that order.

I. *Jurisdiction of the District Court.*

■ Initially, we consider the district court's conclusion that it lacked subject matter jurisdiction because, in its view, the agency lacked jurisdiction to consider the application to set aside the default. We believe the agency's refusal to set aside the default was itself a final agency order. Under Iowa Code section 17A.19, the district court always has jurisdiction to review a final order of the agency, including agency orders which dispose of a case for lack of jurisdiction. *See Continental Tel. Co. v. Colton,* 348 N.W.2d 623, 625 (Iowa 1984). Consequently, the district court should not have dismissed the case on jurisdictional grounds and should have either affirmed or reversed the order being reviewed.

Ordinarily, the failure of the district court to proceed in this manner would require us to remand the case to that court for further proceedings. On the present record, however, this approach seems impractical. The district court fully indicated in its order on judicial review that it agreed with the agency's determination as to the applicability of Iowa Rule of Civil Procedure 236. Moreover, the parties have fully briefed the timeliness and jurisdictional issues concerning the application to set aside the default. Consequently, in the interest of sound judicial administration, those issues may be determined on the present appeal. *See Hart v. Iowa Dep't of Job Serv.,* 394 N.W.2d 385, 388 (Iowa 1986); *Chauffeurs, Teamsters and Helpers, Local Union No. 238 v. Iowa Civil Rights Comm'n,* 394 N.W.2d 375, 378 (Iowa 1986).

II. *Whether Iowa Rule of Civil Procedure 236 Applies to the Present Controversy So As To Render Appellants' Application Timely.*

The appellants contend that Iowa Rule of Civil Procedure 236 is made applicable to proceedings before the agency by 500 Iowa Administrative Code 4.35 (now found at 343 Iowa Admin.Code 4.35). That rule provides:

The rules of civil procedure shall govern the contested case proceedings before the industrial commissioner unless provisions are in conflict with these rules and Iowa Code chapters 85, 85A, 85B, 86, 87

and 17A, or obviously inapplicable to the industrial commissioner. In those circumstances, these rules or the appropriate Iowa Code section shall govern. Where appropriate, reference to the word "court" shall be deemed reference to the "industrial commissioner."

Iowa Rule of Civil Procedure 236 provides:

On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.

The deputy industrial commissioner, industrial commissioner, and the district court refused to apply the time limitations of rule 236 to the present controversy for two reasons. These were: (1) that, under agency rules, the deputy's decision became final if not challenged within twenty days by a motion for rehearing or an appeal to the industrial commissioner; and (2) the present controversy ceased to be a contested case after entry of default. The appellants urge that neither of these grounds is tenable. We agree.

Although the agency rule adopting the Iowa Rules of Civil Procedure indicates that no rule of civil procedure shall apply which is in conflict with the agency's own rules, we find no clear conflict between any agency rule and Iowa Rule of Civil Procedure 236. Loss of availability of an appeal to the industrial commissioner by passage of time under agency rule 4.25 does not suggest that the deputy loses jurisdiction to later exercise discretion to set aside a proceeding undertaken on default of one of the parties. Nor does the time limit imposed by agency rule 4.24 for seeking rehearings before the deputy on the merits of a workers' compensation claim suggest that the same time limit applies to the unique situation involving default proceedings.

We are convinced that a party subjected to a default order by the agency, who consults the agency rules for a means of obtaining relief, could reasonably believe that rule of civil procedure 236 was applicable. This is particularly true because the order of default specified that rule of civil procedure 230 was the source of authority for entering the default. The applicability of a rule permitting entry of a default order strongly implies the applicability of the companion rule of civil procedure pertaining to setting aside defaults. This would allow the aggrieved party sixty days from the final order within which to move against the default.

We also disagree with the suggestion of the agency and district court that the proceedings before the agency ceased to be contested case proceedings after the entry of default. If the proceedings were characterized as "contested" so as to render rule 230 applicable for purposes of entering a default, then we believe they should retain that characterization for purposes of applying the companion rule of civil procedure relating to setting aside a default.

The claimant urges that the final agency order was based on evidence produced at the March 6, 1986, hearing. Consequently, it is claimed that the ministerial act of entering a default had no bearing on the actual determination of benefits which ensued. From this it is premised that any failure to set aside the default was without prejudice to appellants.

Because the proceedings incident to the March 6, 1986, hearing were not reported, we are unable to determine on the present record that the ministerial act of entering a default had no significance in the final determination of benefits. Consequently, we decline to accept the claimant's contention that this was the case.

We conclude that the judgment of the district court and agency orders which pertain to appellants' application to set aside the default should be reversed. The case must be remanded to the agency for a consideration of that application. In so holding, we make no intimation concerning

whether or not the application should be granted.

### III. *Constitutional Challenges to the Agency Action.*

In both the motion to set aside the default filed with the agency and the petition for judicial review filed in the district court, appellants raised a constitutional due process challenge to the act of the agency in finding them in default. The basis of that challenge was that the agency's action on the review-reopening petition is void for want of notice and opportunity for appellants to be heard.

Appellants further urge that agency action which is constitutionally infirm as a result of defective notice at the inception of the proceedings is not validated by a failure to challenge it within the time provided in an agency rule. The agency did not speak to these constitutional claims in refusing to consider the motion to set aside the default. Nor did the district court's decision on judicial review consider this issue.

■ We agree with appellants' contention that, if the agency action is constitutionally infirm for want of proper notice at the inception of the proceedings, such action does not gain validity because of the passage of time. The agency's action is "state action" within the fourteenth amendment. Consequently, the rule that an action which is void under the fourteenth amendment may be challenged at any time would appear to apply. *See Miller v. Farmers Coop. Co.*, 176 N.W.2d 832, 834 (Iowa 1970) (such actions may be challenged by suit in equity); *Dimmitt v. Campbell*, 260 Iowa 884, 887–88, 151 N.W. 2d 562, 565 (1967).

■ Based on these conclusions, we agree that the district court could have considered the constitutional claims contained in the petition for judicial review irrespective of the timing of the other grounds of the motion to set aside the default. We do not deem it prudent to now return the case to the district court for consideration of this claim. We prefer to return the case to the agency for its consid-

eration, in the first instance, of all of the grounds of the motion to set aside the default. By discussing this procedural posture of the case, we do not intend any intimation as to the merits of appellants' due process claims.

For the reasons specified in the preceding division, we reverse the judgment of the district court and also reverse the final agency order refusing to consider appellants' motion to set aside default. The proceeding is remanded to the agency for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.