Robin R. HART, Appellee,

v.

IOWA DEPARTMENT OF JOB SERVICE and A.C. Nielsen Company, Appellants.

No. 85–1675.

Supreme Court of Iowa.

Oct. 15, 1986.

Richard H. Moeller of Laird, Burington, Heiny, McManigal, Walters & Winga, Mason City, for appellant A.C. Nielsen Co.

Blair H. Dewey, Walter F. Maley, Joseph L. Bervid, and I. John Rossi, Des Moines, for appellant Iowa Dept. of Job Service.

Ronald J. Wagenaar, Mason City, for appellee.

Considered by HARRIS, P.J., and McGIVERIN, LARSON, CARTER and LAVORATO, JJ.

CARTER, Justice.

Respondents, A.C. Nielsen Company (Nielsen) and Iowa Department of Job Service (the agency), appeal from the district court's reversal of the final agency decision on a claim for unemployment benefits. The district court held that Robin R. Hart (petitioner) was partially unemployed under the provisions of Iowa Code section 96.-19(9)(b) (1985) and was therefore entitled to partial unemployment benefits. That con-

tention had been rejected by the agency's appeal board on a two-to-one vote.

In addition to her contentions involving section 96.19(9)(b), petitioner has asserted other reasons in support of her claim for unemployment benefits. These alternative theories were rejected by the agency but were not considered by the district court as a result of its acceptance of her "partially unemployed" status. In considering the issue of partial unemployment under section 96.19(9)(b), we reverse the decision of the district court. We remand the case to that court for consideration of the other grounds asserted by petitioner.

Petitioner began her employment with Nielsen on May 23, 1977. In 1983, she was working a regular thirty-eight-hour shift in the company's Mason City office. On December 20, 1983, she took maternity leave. She gave birth on January 6, 1984. Six weeks later petitioner was released by her physician to return to work. The full-time position she had held prior to taking maternity leave was available to her.

At this time, petitioner advised Nielsen that she preferred to return to her former job in a part-time capacity. She was told by company officials that part-time work in her department was not then available. The issue was resolved when the employer agreed that petitioner would be granted a six-month leave of absence. Both parties acknowledge that Nielsen did not guarantee petitioner would be reinstated in her former position after her leave of absence.

Two weeks before the conclusion of her leave of absence petitioner informed Nielsen she wished to return to the full-time position she had held prior to her maternity leave.[1] Company officials told her the position was no longer available. Petitioner then advised Nielsen she considered herself to be a laid-off employee. She filed a claim for unemployment benefits. Before that claim was resolved, Nielsen offered peti-

tioner part-time work in a different department. Some indication was made to her that full-time employment might be available at a later date.

Petitioner accepted the part-time employment on June 25, 1984. She normally works eight to ten days per month at this job. Ordinarily she does not work during at least two full weeks each month. She has consistently asserted to the agency that she is entitled to some unemployment benefits for the periods of time she is not working. She has filed benefit claims for each week that she has not worked and has on these occasions made herself available for other employment through the agency.

Petitioner's filing of multiple claims has resulted in two favorable decisions from claims deputies. Those decisions were overturned in each instance by agency hearing officers. An order of recoupment was entered for recovery of benefits paid petitioner by reason of the claims deputies' decisions. The two hearing officers' decisions were reviewed jointly by the agency appeal board and upheld. A single petition for judicial review was filed from the decision of the appeals board. Other facts bearing upon our decision of the issues presented on appeal will be discussed in connection with the legal claims asserted by the parties.

The district court determined that petitioner was entitled to some unemployment benefits because she qualified as "partially unemployed" under Iowa Code section 96.-19(9)(b). That statute provides:

An individual shall be deemed partially unemployed in any week in which, while employed at the individual's then regular job, the individual works less than the regular full-time week and in which the individual earns less than the individual's weekly benefit amount plus fifteen dollars.

1. Petitioner worked at other employment during her leave of absence. This was insured work for the K–Mart Corporation. This circumstance is of significance on the present claims only because of an initial ruling by the agency that petitioner's leaving work at K–Mart caused a "voluntary quit" disqualification. The agency now concedes that this disqualification has been removed.

An individual shall be deemed partially unemployed in any week in which the individual, having been separated from the individual's regular job, earns at odd jobs less than the individual's weekly benefit amount plus fifteen dollars.

*Id.* In challenging the district court's determination, both Nielsen and the agency contend that, for purposes of section 96.-19(9), petitioner's "then regular job" was the part-time job she accepted on June 25, 1984. Since the inception of that employment, appellants urge, there has been no significant deviation in the hours worked.

■ We agree with appellants' contention that section 96.19(9)(b) does not fit petitioner's employment situation. That statute, we believe, pertains to two situations, neither of which is applicable here. It applies where, during a particular week, services are performed for one's regular, employer for less than the regular work week, or where no services are performed for the regular employer during a particular week and "odd job" employment for that week yields less than an established amount. Petitioner's claims are for those weeks in which no services are performed.[2] As a result, she does not meet the statutory definition of a partially unemployed individual. Because the district court determined her benefit eligibility solely on that basis, its decision must be reversed.

■ Our rejection of petitioner's claim that she is partially unemployed based on section 96.19(9)(b) is not, however, completely dispositive of her entitlement to unemployment benefits. Under the record presented we conclude that, for purposes of benefit eligibility, petitioner's status must be equated with an employee who has been laid off at the conclusion of her leave of absence. This is the tenor of Iowa Administrative Code 370—4.22(1)(s)[3] which provides, in part:

A leave of absence negotiated with the consent of both parties, employer and employee, shall be deemed a period of voluntary unemployment for the employee-claimant, and the individual shall be considered ineligible for benefits for such period.

*... If at the end of a period or term of a negotiated leave of absence the employer fails to re-employ the employee-claimant, such claimants shall be considered laid off and eligible for benefits.*

*Id.* (emphasis added). This interpretation is consistent with the views expressed in *Goodyear Tire & Rubber Co. v. Employment Security Board of Review,* 205 Kan. 279, 285, 469 P.2d 263, 268 (1970); *Vincent v. State,* 113 N.H. 383, 386–87, 308 A.2d 526, 527–28 (1973); and *Bowers v. American Bridge Co.,* 43 N.J.Super. 48, 57, 127 A.2d 580, 585 (1956), *aff'd,* 24 N.J. 390, 132 A.2d 28 (1957).

In the proceedings before the agency, consideration was given to whether in her present working arrangement petitioner is totally unemployed under section 96.-19(9)(a) in any week in which no wages are payable and during which she performs no services. The hearing officers' decisions, for reasons which are not entirely clear, determined that she is not. The appeals board adopted the hearing officers' decisions as the final agency decision. In the petition for judicial review, the issues of partial unemployment and total unemployment for specific weeks were both placed in issue. Because the district court determined the matter solely on the first of these issues, it did not consider the second.

■ Our rejection of the district court's *ratio decidendi* raises petitioner's alternative claim to a renewed level of significance. In *Barnes v. Iowa Department of Transportation,* 385 N.W.2d 260, 263 (Iowa 1986), we stated "[w]here the district

---

**2.** We so interpret the record with respect to petitioner's unemployment claims. If she is claiming partial unemployment benefits for weeks during which services are performed for Nielsen, those claims also fail to meet the requirements of section 96.19(9)(b) because she

has shown no curtailment of her normal working hours during those weeks.

**3.** This rule is now contained in Iowa Admin. Code 345—4.22(1)(s).

court has not reached certain issues because they were deemed unnecessary to the decision under the rationale it elected to invoke," .we may "in the interest of sound judicial administration" decide the issues where they have been fully briefed and argued. In *Barnes,* we did consider fully briefed legal issues which had not been addressed by the district court. We have also done this in *Chauffeurs, Teamsters and Helpers, Local Union No. 238 v. Iowa Civil Rights Commission,* 394 N.W.2d 375, 378 (Iowa 1986). Where, however, the additional issues have not been briefed and argued in this court, we prefer to remand them for determination by the district court. *See Peoples Natural Gas.Co. v. Iowa State Commerce Commission,* 382 N.W.2d 452, 456 (Iowa 1986). This is, we believe, such a case.

Under the circumstances of the present case, meeting the definitional aspects of section 96.19(9)(a) may not be the only prerequisite to petitioner's entitlement to unemployment benefits. The statutes and regulations involved are complex and may present additional conditions for benefit entitlement which have not been set out in the appellants' brief due to the single issue approach taken by the district court. Because we have concluded that the district court erred in the theory it applied in deciding the case, we reverse the judgment of that court and remand this matter for consideration of the remaining issues presented in the petition for judicial review.

REVERSED AND REMANDED.